## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PHYLLIS L. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-607-L |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits. Pursuant to an order entered by United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the matter be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits on December 21, 2004, alleging that she became disabled as of January 1, 2002, due to Alzheimer's disease, schizoaffective disorder, and bipolar disorder. Tr. 12, 15, 71-78. The application was denied

on initial consideration and on reconsideration at the administrative level.  Tr. 20, 21, 33-35,

37-40.  Pursuant to Plaintiff's request, a hearing was held before an administrative law judge

on August 22, 2006.  Tr. 32, 212-234.  Plaintiff appeared in person  with her attorney, and

she offered testimony in support of her application.  Tr.  214, 216-23.  The Plaintiff's

husband also testified on her behalf.  Tr. 214, 224-33. The administrative law judge issued

his decision on October 27, 2006, finding that Plaintiff was not disabled within the meaning

of the Social Security Act and that she was thus not entitled to benefits.  Tr. 9-11,12-17.

Plaintiff then requested review of the administrative law judge's decision by the Appeals

Council, which by order dated April 27, 2007, denied Plaintiff's request for review.  Tr.  4-6,

7, 8.  The decision of the administrative law judge thereby became the final decision of the

Commissioner.  Tr. 4.

## II.  STANDARD OF REVIEW

        The Tenth Circuit Court of Appeals has summarized the applicable standard of review

as follows:

> We review the agency's decision to determine whether the factual findings are
> supported by substantial evidence in the record and whether the correct legal
> standards were applied. Substantial evidence is such relevant evidence as a
> reasonable mind might accept as adequate to support a conclusion.  However,
> a decision is not based on substantial evidence if it is overwhelmed by other
> evidence in the record or if there is a mere scintilla of evidence supporting it.
> The agency's failure to apply correct legal standards, or show us it has done
> so, is also grounds for reversal.  Finally, because our review is based on the
> record taken as a whole, we will meticulously examine the record in order to
> determine if the evidence supporting the agency's decision is substantial,
> taking into account whatever in the record fairly detracts from its weight.
> However, we may neither reweigh the evidence nor substitute our discretion
> for that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).  The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2.  If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

## III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge  followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520.  Tr. 13-14. He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 14.  At step two, the administrative law judge found that Plaintiff suffered from essential hypertension and organic mental disorder, but that through the last date insured, she did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities for twelve consecutive months, and that she therefore did not have a severe impairment or combination of impairments. Tr. 14.  Accordingly, the administrative law judge found that Plaintiff was not under a disability from the alleged onset date through the last date insured, and was not entitled to benefits.  Tr. 17.

## IV.  DISCUSSION

Plaintiff raises two issues on appeal.  First, she claims that the administrative law judge erred in failing to find her impairments severe at step two.  Plaintiff's Opening Brief, p. 2.[1]  Second, she claims that the administrative law judge erred in his credibility assessment. Id. at 7.

## A.  ALLEGED ERROR AT STEP TWO

First, Plaintiff alleges that the administrative law judge failed to properly evaluate whether her impairments were severe at step two.  In particular, she complains that the administrative law judge failed to properly consider the medical evidence from her treating physician, Dr. Vatsala Shah, M.D., claiming that Plaintiff saw Dr. Shah from September 8, 1999, to August 7, 2006, and that his notes contain frequent references to depression, memory loss, and dementia.  Plaintiff's Opening Brief, p. 4. She claims that the administrative law judge's decision does not mention, weigh, or discuss Dr. Shah's findings or opinions during this time.  Id.  She also claims that the administrative law judge failed to discuss the medical source statement of Gayathri Dasharathy, M.D., dated August 1, 2006, which she claims confirms significant mental limitations.  Id. She claims that even if the administrative law judge failed to give these opinions controlling weight, the administrative law judge should have given reasons for the weight assigned.  Id. at 5-6.  She also claims that the administrative law judge's conclusion that she "enjoyed relatively good health" through December 31, 2003, was not supported by substantial evidence. Id. at 6.

---

[1]It should be noted that Plaintiff inadvertently filed the wrong brief initially.  Her Opening Brief appears at Doc. No. 15.

The Commissioner responds that it is Plaintiff who bears the burden of establishing that she has a severe impairment or combination of impairments that limits her ability to perform basic work activities. Commissioner's Brief, p. 3. Although acknowledging that only de minimis proof is required at step two, the Commissioner argues that more than just the presence or diagnosis of an ailment must be shown. Id.  The Commissioner goes on to argue that the administrative law judge did consider the evidence from Plaintiff's treating physicians Dr. Shah and Dr. Dasharathy, as shown by his specific reference to their formal reports, and adds that the administrative law judge "accurately observed that while Dr. Shah had treated Plaintiff since 1998, Dr. Shah 'expressed absolutely no opinion at all concerning the claimant's work abilities for the period of time through December 31, 2003 ....'" Commissioner's Brief, p. 4 (quoting Tr. 16).   The Commissioner argues that the administrative law judge did consider evidence from Plaintiff's April 2003 hospitalization, for which Dr. Dasharathy was attending, and noted that her CT scan was negative for abnormalities and that her confusion was much improved but still present. Id. at 4.  The Commissioner also notes that the administrative law judge considered both Dr. Shah's and Dr. Dasharathy's August 2006 opinions regarding Plaintiff's limitations, but noted neither of the reports referenced the relevant time period. Id at 6.

At step two, the administrative law judge must determine "whether the claimant has a medically severe impairment or combination of impairments." Bowen v. Yuckert, 482 U.S. 137, 140-141 (1987).  This determination is governed by the agency's "severity regulation" at 20 C.F.R. § 404.1520(c) (2007).  Pursuant to this regulation, the claimant must make a

"threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." Williams v. Bowen, 844 F.2d 748, 750-751 (10th Cir. 1988); Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).   As noted by the Commissioner, although the claimant must make only a "de minimis" showing that the medical condition is medically severe, "the claimant must show more than the mere presence of a condition or ailment." Hinkle v. Apfel, 132 F. 3d 1349, 1352 (10th Cir. 1997).

For the most part, the explanation by the administrative law judge of his step two decision appropriately addressed the requirements set forth in 20 C.F.R. § 404.1520a and other relevant factors, including the opinions of Plaintiff's treating physicians and Plaintiff's daily activities.  The evidence Plaintiff points to in the record are office visits with Dr. Shah, in which he noted Plaintiff's depression and memory problems.  (Tr. 108-113).  However, the administrative law judge acknowledged that Plaintiff had seen Dr. Shah since 1998, but he pointed out that Dr. Shah expressed no opinion regarding her work abilities for the period of time when she met the insured status requirements for disability insurance benefits, as Dr. Shah's opinion was for the period from August 6, 2006 to the present.  Tr. 16.  He also noted the medical consultants' conclusions that the evidence was insufficient based on the medical records from January 1, 2002 to December 31, 2003, and that Dr. Shah noted Plaintiff to be alert, oriented x3, and in no acute distress in September 2003, shortly before the expiration of her insured status.  Tr. 15-16.  Indeed, all of Dr. Shah's records in which depression or memory problems are mentioned bear a similar notation.  Thus, the undersigned finds that

the administrative law judge properly considered Dr. Shah's opinions and gave reasons for the weight placed on those opinions.

However, the administrative law judge's decision does not reflect proper consideration of the medical evidence from Plaintiff's treating physician Dr. Dasharathy. Under the law of the Tenth Circuit, "[a]ccording to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir. 2004). A sequential analysis must be undertaken by an administrative law judge when considering a treating source medical opinion which relates to the nature and severity of a claimant's impairments. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). The first step, pursuant to Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *2, is to determine whether the opinion is well-supported by medically acceptable techniques. Watkins, 350 F.3d at 1300. At the second step, adjudicators are instructed that "[e]ven if well-supported by medically acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion also must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." SSR 96-2p, 1996 WL 374188, at *2. If both of these factors are satisfied with regard to a medical opinion from a treating source, "the adjudicator must adopt a treating source's medical opinion irrespective of any finding he or she would have made in the absence of the medical opinion." Id. If, on the other hand, "the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Watkins, 350 F.3d at 1300. As discussed above, the administrative law judge apparently

7

gave controlling weight to the opinion of Dr. Shah during the insured period. However, he stated that Dr. Dasharathy did not treat Plaintiff during the insured period and he did not give Dr. Dasharathy's August 6, 2006 opinion controlling weight. Tr. 16, 178-79.

However, the medical record indicates that Dr. Dasharathy saw Plaintiff from April 8, 2003 through August of 2006, and he was the admitting physician for Plaintiff's April 8, 2003 hospitalization. Tr. 84-86; 133-44, 180-86. Thus, the administrative law judge's reason for failing to give any weight to Dr. Dasharathy's opinion regarding Plaintiff's marked limitations in her abilities to understand and remember, sustain concentration and persistence, interact socially, and adapt was not reasonable. He clearly states in the decision that it was based upon his conclusion that Dr. Dasharathy had no treatment relationship with Plaintiff at all during the relevant period, and that the opinion was rendered significantly after expiration of insured status, making it "impossible ... to draw conclusions regarding the state of the claimant's health on December 31, 2003..." Tr. 16. As this is incorrect, it is impossible for the undersigned to know how the administrative law judge would apply the treating physician rule to Dr. Dasharathy's opinion if the correct facts were considered. Thus, the administrative law judge's decision cannot be meaningfully reviewed on this point, and the matter must be remanded for further administrative proceedings.

Plaintiff also contends that the administrative law judge erred in assessing her credibility, but in light of the recommended disposition, it would be inappropriate to address this claim of error.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that this matter be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by May 14, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 24th day of April, 2008.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE